BROWNE WOODS GEORGE LLP
Eric M. George (SBN 166403)
egeorge@bwgfirm.com
Peter W. Ross (SBN 109741)
pross@bwgfirm.com
Keith J. Wesley (SBN 229276)
kwesley@bwgfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA  90067
Tel:  310.274.7100 / Fax:  310.275.5697

LAW OFFICES OF GARY FREEDMAN
Gary Freedman (State Bar No. 49922)
goromans@aol.com
1149 Third Street, Suite 200
Santa Monica, CA 90403
Tel.  (310) 576-2444 / Fax (310) 576-2440

Attorneys for Plaintiff
CITIZENS OF HUMANITY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS OF HUMANITY, LLC, a Delaware LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>HUMANITY, LLC, a California LLC; TAMMY HOTSENPILLAR, an individual; HELENA CHO, an individual; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 10-cv-01236-JST-VBK<br><br>**DISCOVERY MATTER**<br><br>**PROTECTIVE ORDER GOVERNING DISCOVERY** |

261496_1.DOC

DISCOVERY MATTER [[PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS OF HUMANITY, LLC, a Delaware LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUMANITY, LLC, a California LLC; TAMMY HOTSENPILLAR, an individual; HELENA CHO, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 10-cv-01236-JST-VBK<br><br>**DISCOVERY MATTER**<br><br>**PROTECTIVE ORDER GOVERNING DISCOVERY** |

261496_1.DOC

-1-

# PROTECTIVE ORDER

The Court, finding that the order requested by the parties is proper and desirable in the circumstances of this case, and good cause appearing therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, makes the following Order for the benefit of all parties and witnesses to govern the course of the proceedings in this case:

1. The following definitions shall apply to this Order:

    (a) "Confidential Information" shall mean and refer to any information that has not been made public and the disclosure of which may cause harm to the person or entity from which the information is obtained, including, but not limited to, documents and/or data that is considered in good faith by the designating party to constitute a trade secret (as defined in California Civil Code § 3426.1), confidential information, and/or proprietary business or technical information.  The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is believed in good faith to be confidential within the meaning of this Protective Order.

    (b) "Confidential for Attorneys' Eyes Only Information" shall mean and refer to any Confidential Information that is considered in good faith by the designating party to be so highly sensitive that disclosure to persons other than limited and specified individuals could cause undue risk of substantial and immediate injury to the business of the producing party.  The designation made by a disclosing party or non-party shall be a certification to the Court and the other parties that such information is believed to be highly sensitive Confidential Information and subject to this more restrictive classification within the meaning of this Protective Order.

    (c) "Qualified Persons" entitled to view or receive Confidential Information not designated Confidential for Attorneys' Eyes Only Information shall be limited to:

i.    Outside counsel to any party to the litigation and those employees of the parties' counsel who need to see such Confidential Information in order to perform their jobs, including the paralegals, clerical staff, secretarial staff, and other support personnel employed by such counsel;

ii.    Not more than two officers, employees or in-house counsel of the parties to this litigation, who are reasonably necessary to assist counsel in this litigation and who have complied with paragraph 2 below;

iii.    Any persons who appear on the face of the Confidential Information as an author, addressee or prior recipient thereof;

iv.    Expert witnesses or consultants retained or employed by the parties or their respective attorneys solely for the purpose of assisting counsel in the prosecution, defense or settlement of this Action who have complied with paragraph 2, below, and the employees of such experts or consultants who are assisting them;

v.    The United States District Court for the Central District of California and its personnel, the United States Court of Appeals for the Ninth Circuit and its personnel, and any other court of competent jurisdiction having involvement in this matter and its personnel.

vi.    Court reporters, stenographers, and video reporters/videographers who are retained to transcribe or videotape testimony, including depositions, in the action;

vii.    Any designated arbitrator who is assigned to hear and adjudicate the above-captioned Action, or any mediator who is assigned to mediate the above-captioned Action or consulted by agreement of the parties in any attempt to settle this matter, and any of their respective personnel;

viii.    Witnesses at any deposition or other proceeding in this action, wherein for purposes of the witnesses' testimony it is necessary to show Confidential Information to the witness during the course of their testimony and the

1  witness being advised of the need to keep the records confidential and agreeing to
2  comply with paragraph 2 below; and/or
3        ix.    Any other person to whom the parties agree in writing.
4      (d)    "Qualified Persons" entitled to view or receive Confidential for
5  Attorneys' Eyes Only Information shall be limited to:
6        i.    Outside counsel to any party to the litigation and those
7  employees of the parties' counsel who need to see such Confidential for Attorneys'
8  Eyes Only Information in order to perform their jobs, including the paralegals,
9  clerical staff, secretarial staff, and other support personnel employed by such
10 counsel;
11       ii.    Any persons who appear on the face of the Confidential
12 for Attorneys' Eyes Only Information as an author, addressee or prior recipient
13 thereof;
14       iii.    Expert witnesses or consultants who are not employees of
15 any Party and who are retained or employed by the parties or their respective
16 attorneys solely for the purpose of assisting counsel in the prosecution, defense or
17 settlement of this Action who have complied with paragraph 2, below, and the
18 employees of such experts or consultants who are assisting them, to the extent
19 counsel of record in good faith believes such disclosure is required to assist in the
20 prosecution, defense or resolution of this litigation;
21       iv.    The United States District Court for the Central District of
22 California and its personnel, the United States Court of Appeals for the Ninth
23 Circuit and its personnel, and any other court of competent jurisdiction having
24 involvement in this matter and its personnel.
25       v.    Court reporters, stenographers, and video
26 reporters/videographers who are retained to transcribe or videotape testimony,
27 including depositions, in the action;
28       vi.    Any designated arbitrator who is assigned to hear and

1  adjudicate the above-captioned Action, or any mediator who is assigned to mediate
2  the above-captioned Action or consulted by agreement of the parties in any attempt
3  to settle this matter, and any of their respective personnel;

4               vii.   Witnesses at any deposition or other proceeding in this
5  action, during the course of their testimony, whom counsel for a Party legitimately
6  believes may, might or could have knowledge of the contents of the document
7  designated Confidential for Attorneys' Eyes Only or the specific events,
8  transactions, discussions, or data reflected in the document, and upon the witness
9  being advised of the need to keep the records confidential and agreeing to comply
10 with paragraph 2 below; and/or

11              viii.  Any other person to whom the parties agree in writing.

12       2.   Prior to receiving information designated as Confidential Information
13 or Confidential for Attorneys' Eyes Only Information, all Qualified Persons
14 identified in Paragraph 1(c), subparagraphs (iv), (vii), (viii) or (ix), or Paragraph
15 1(d), subparagraphs (iii), (vi), (vii) or (viii), shall be provided with a copy of this
16 Protective Order and shall sign a Written Assurance statement in substantially the
17 following form:

18          "I [name], [position of employment], hereby acknowledge that any
19 information provided to me is subject to the terms and conditions of the Protective
20 Order in Case No. 10-cv-01236-JST-VBK, pending in the United States District
21 Court for the Central District of California.

22          Having been given a copy of the Protective Order, and having read and
23 understood its contents, I hereby expressly agree to be bound by and comply with
24 the terms and provisions thereof.  I further agree that I will not disclose documents
25 or information designated Confidential Information or Confidential For Attorneys'
26 Eyes Only Information except as specifically permitted by the terms of the
27 Protective Order, and that I will use the documents or information solely for
28 purposes of this litigation in accordance with the Protective Order.  I hereby

1  consent to the jurisdiction of the United States District Court for the Central District
2  of California for purposes of enforcing the aforesaid Protective Order."
3         The original of the executed written assurance shall remain in the
4  possession of the attorney who makes the disclosure of the Confidential
5  Information or the Confidential for Attorneys' Eyes Only Information until the
6  parties agree in writing to the contrary.
7      3.    The production of any material or information during discovery in this
8  action shall be without prejudice to any claim that such is privileged as a trade
9  secret or confidential and proprietary business information, or protected by the right
10 of privacy, and no party shall be held to have waived these privileges or right by
11 such production.
12     4.    Whenever during the course of discovery in this matter a party or
13 witness is properly requested to disclose, or voluntarily discloses, materials or
14 information that a party considers to be Confidential Information or Confidential
15 Attorneys' Eyes Only Information, that party shall indicate at or before the time of
16 disclosure that the information or materials are Confidential Information or
17 Confidential for Attorneys' Eyes Only Information by marking the information or
18 materials as such or putting some other similar designation thereon, or by indicating
19 in some other appropriate fashion that the information or materials produced are
20 subject to this protective order.   Inadvertent failure to designate material as
21 "Confidential" or "Confidential--For Attorneys' Eyes Only" under this Order shall
22 not operate as waiver of the Party's right to subsequently designate such material as
23 "Confidential" or "Confidential--For Attorneys' Eyes Only."  Deposition
24 transcripts shall be treated as "Confidential – For Attorneys' Eyes Only" for a
25 period of 10 business days after receipt from the Court Reporter.  Within said 10
26 day period counsel for any party or third party deeming any testimony or other
27 information to be "Confidential" or "Confidential – Attorneys' Eyes Only" shall
28 provide opposing counsel with a written designation of those portions of the

transcript which are to be deemed "Confidential" or "Confidential Attorneys' Eyes Only." To the extent that no such designation is provided within the requisite 10-day period, and the parties have not agreed in writing to an extension, then the entire deposition transcript shall be considered not "Confidential" or "Confidential Attorneys' Eyes Only."

5. Materials or information designated as Confidential Information or Confidential for Attorneys' Eyes Only Information, including any summaries, copies, abstracts, or other documents containing the Confidential Information or Confidential for Attorneys Eyes Only Information, shall be treated in accordance with the terms of this Protective Order and shall be used by the parties, their respective agents, and any other persons to whom such Confidential Information or Confidential for Attorneys' Eyes Only Information may be disclosed pursuant to this Protective Order, only for the prosecution, defense or settlement of this Action, and for no other purposes, including but not limited to business and other litigation purposes. Notwithstanding the foregoing, nothing in this Protective Order shall prevent or limit the ability of either party to disclose Confidential Information or Confidential for Attorneys' Eyes Only Information lawfully obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information or Confidential for Attorneys' Eyes Only Information to any person as it deems appropriate.

6. If any Party or their counsel is served with a subpoena requiring production of any Confidential Information or Confidential For Attorneys' Eyes Only Information such Party shall send via facsimile or email, within three (3) court days, a copy of the subpoena to the attorney for the producing Party. The Parties agree that the producing Party shall have five (5) court days from receipt of the facsimile or email within which to file a motion objecting to the subpoena or to seek other relief after receiving the notice referred to above. If a motion objecting

to the subpoena is timely filed, the subpoenaed Party shall not produce the material until after the court rules on such motion, unless required to do so pursuant to court order (other than the subpoena itself) or other applicable law.

7. When briefs, memoranda or other documents or things containing Confidential Information or Confidential for Attorneys' Eyes Only Information are filed with the Court, those briefs, memoranda or other documents or things must first be lodged in the chambers of the Magistrate Judge or the District Judge, along with a request that the materials be approved for filing under seal.  The request to file documents under seal should meet the requirements of Local Rule 79-5.  If the Magistrate Judge or the District Judge approves this request, and orders that the documents may be filed under seal, the documents shall then be filed under seal. However, should the Magistrate Judge or the District Judge decline to allow the documents or things to be filed under seal, nothing in this Order shall prevent the filing party from submitting the documents or things to the Court in an unsealed filing.

8. Should any document(s) containing Confidential Information or Confidential For Attorneys' Eyes Only Information be inadvertently filed without the designation referred to in paragraph 4, the Party filing the document(s) shall, upon discovering the error or upon written notification of the error, promptly ask the Court to allow it to withdraw the documents, and will then follow the procedures required by paragraph 7, above.

9. Agreement to this protective order is not a consent or admission as to the actual confidentiality of any material.  Should any party desire to challenge the designation of any material or information as Confidential Information or Confidential for Attorneys' Eyes Only Information, such party may move the Court for an order changing such designation and/or releasing the material from the provisions of this Order. The Court, upon notice to the parties and upon a showing of good cause, may at any time order removal of the Confidential or Confidential

for Attorneys' Eyes Only designation from any materials or information, or otherwise amend this Order. However, until any such order is issued by the Court, the material or information must continue to be treated as Confidential or Confidential for Attorneys' Eyes Only according to its designation.

10. A producing Party may give notice to another Party that it is eliminating or changing a previous designation of material as "Confidential" or "Confidential - For Attorneys' Eyes Only." In that event, if the producing Party does not wish the previous designation to be known, the producing Party shall provide a new, redesignated copy of the documents or other material. Such redesignated copy will then be the only version of the documents that may be used as an exhibit at trial or otherwise displayed to the court. No mention shall be made to the Court of the previous designation.

11. Within 60 days after the termination of this Action and the expiration of the time for appeal or final determination of any appeal, all originals and copies of any Confidential Information or Confidential for Attorneys' Eyes Only Information in the possession, custody or control of any person or entity (other than the courts identified in paragraphs 1(c)(v) and 1(d)(iv) above) shall be destroyed or returned to the party who produced such document(s) or information. In the event that the documents are destroyed, rather than returned, a letter to that effect shall be provided to counsel. Notwithstanding the foregoing, each Party's outside counsel may maintain one copy of all documents containing "Confidential Information" or "Attorney's Eyes Only Information" for the sole purpose of maintaining complete and accurate files of this action.

Confidential Information or Confidential for Attorneys' Eyes Only Information in the possession, custody or control of the District Court shall be disposed of as follows: Within 30 days after the termination of this Action and the expiration of the time for appeal or final determination of any appeal, any party to this action may provide to the District Court a package containing the materials

necessary, with postage prepaid, to return the Confidential Information or Confidential for Attorneys' Eyes Only Information to that party (hereinafter "Return Package"). The party seeking return of the Confidential or Confidential for Attorneys' Eyes Only Information must be one of the parties to this action, or its counsel, but need not be the actual owner of the information or the party that actually submitted the information to the Court. The materials submitted to the Court in the Return Package shall include a list of the documents to be returned, and this list must be submitted to the other party at least one week prior to the expiration of the 30 day period referenced above.  Any Confidential or Confidential for Attorneys' Eyes Only Information returned pursuant to the foregoing procedure must be treated by the receiving party strictly in accordance with the terms of this Protective Order. To the extent that the parties do not seek the return of Confidential or Confidential for Attorneys' Eyes Only Information as set forth above, the District Court may dispose of such Confidential Information or Confidential for Attorneys' Eyes Only Information in any manner it deems proper.

12. This Order shall be without prejudice to the right of the Parties to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

13. If a Party inadvertently produces material that it considers to be protected by the attorney-client privilege, the work product doctrine or any other privileges or doctrines of similar effect, in whole or in part, or learns of the production of such material by a third party, the Party may retrieve such information as follows:

(a) Within five (5) court days of the date of discovery by a Party of the inadvertent production by it or a third party, the Party asserting that an inadvertent production has occurred must give written notice to all other Parties that the Party claims the material, in whole or in part, is privileged or protected material;

1  in addition, the notice must state the nature of the privilege or protection and the
2  basis for asserting it.

3   (b) Upon receipt of such notice, any Party who has received the
4  subject documents or material shall promptly return all copies to the Party asserting
5  inadvertent production.  In the event that only a part of a document is claimed to be
6  privileged or protected, the Party asserting inadvertent production shall furnish to
7  the other Parties who have received the document a redacted copy of such
8  document, removing only the part(s) thereof claimed to be privileged or protected,
9  together with such written notice.

10   (c) Any Party who has received the subject documents or material
11  may contest the claim of privilege or inadvertence by filing a motion contesting the
12  claim within ten (10) court days of receiving the notice under subparagraph (a)
13  above.  During the pendency of such motion, the receiving Party need not return all
14  copies of the produced documents or material to the Party asserting inadvertent
15  production; however, the receiving Party may not use or disclose the material for
16  any purpose other than prosecution of the motion challenging the privilege or
17  protection claim.

18   (d) The provisions of the above subparagraphs are without prejudice
19  to any other rights that any Party may have with respect to challenging or defending
20  any claim of privilege.

21  14. Third parties who produce documents or materials or provide
22  testimony in connection with this action, whether in response to a subpoena or
23  otherwise, may produce such documents or materials and/or testify pursuant to the
24  protections afforded by this Order by complying with paragraph 2 above.

25  15. The provisions of this Protective Order are subject to further Court
26  order based upon public policy and other considerations.

27  //
28  //

261496_1.DOC

-11-

DISCOVERY MATTER PROTECTIVE ORDER GOVERNING DISCOVERY

16. Without separate and subsequent Court order, this Protective Order does not change, amend, or circumvent any Court rule or Local Rule.

Dated: November 02, 2010

By: /s/
Hon. Victor B. Kenton
UNITED STATES MAGISTRATE JUDGE