# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS OF HUMANITY, LLC, a Delaware LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUMANITY, LLC, a California LLC; TAMMY HOTSENPILLAR, an individual; HELENA CHO, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 10-cv-01236-JST(VBKx)<br><br>**JUDGMENT** |

272279_1.DOC

Plaintiff Citizens Of Humanity, LLC ("Citizens"), defendants Humanity, LLC ("Humanity"), Tammy Hotsenpiller ("Hotsenpiller") (erroneously sued as Hotsenpillar) and Helena Cho ("Cho"), and non-parties David Chang ("D. Chang"), Michael Chang ("M. Chang"), AND Apparel, Inc. ("AND Apparel"), and Make A Difference, LLC ("Difference") (collectively the "Parties") having filed a joint motion for entry of stipulated judgment, and good cause therefor appearing, the Court enters judgment as follows:

1. Except as expressly provided below in this paragraph and paragraph 3, defendants Humanity, Hotsenpiller and Cho, non-parties D. Chang, M. Chang, AND Apparel and Difference, and each of their owners, directors, officers, managers, and agents, and all others acting in concert with them (hereinafter referred to collectively as "Defendants") are permanently enjoined from using the word "Humanity" on products, packaging, websites, marketing materials, in advertising, as part of a domain name, or in any way in conjunction with Defendants' businesses, or as part of a trademark, or as an identifier of Defendants, or any of their businesses. Notwithstanding the foregoing, defendant Hotsenpiller may continue to use the website atasteofhumanity.com solely for the purpose of selling a cook book with the name "Taste of Humanity".

2. Defendants are required to deliver, and represent that they have already delivered, to plaintiff Citizens all remaining inventory of Humanity brand t-shirts. Citizens shall have the right to dispose of this inventory as Citizens sees fit.

3. Defendants are required to provide, and represent that they have already provided, Citizens with a written report (as amended on March 21, 2011) listing Defendants' entire inventory of bracelets bearing the word "Humanity," as of February 18, 2011, which report includes style and quantity of inventory on hand and to be received, including work in process. The bracelets listed on this report shall hereinafter be referred to as the "Remaining Bracelet Inventory". Defendants

shall have until June 17, 2011 to sell the Remaining Bracelet Inventory the total of which shall not exceed 45,000 bracelets. During this sell-off period, Defendants have no obligation to alter any marks attached to the bracelets. Beginning on March 10, 2011, and on the tenth day of each month thereafter during the sell-off period, Defendants shall provide Citizens with an accounting of all sales of the Remaining Bracelet Inventory, by style and quantity, made during the previous month. (Defendants have already provided two such reports to Citizens for March 10, 2011 and April 10, 2011.) No such sales shall be made except in the ordinary course of business, which does not include bulk sales to jobbers, distributors, or wholesalers. On June 17, 2011, Defendants shall deliver the balance of the Remaining Bracelet Inventory to plaintiff Citizens at 5715 Bickett Street, Huntington Park, CA 90255. Citizens may then dispose of that inventory as Citizens sees fit.

4. Subject to the exception for Hotsenpiller set forth above in paragraph 1, Defendants hereby assign to Citizens, effective March 31, 2011, all website domain names that incorporate the word "Humanity". Defendants shall cooperate in the technical transfer to Citizens of all such domain names. Such cooperation shall include but not be limited to: (i) removing all "locks" on such domain names, (ii) providing to Citizens the "authorization codes" for such domain names, (iii) executing any and all forms, including electronic forms, reasonably necessary to aide Citizens in securing registration of the domain names, (iv) not impeding Citizens' registration of the domain names, and (v) providing any additional cooperation reasonably requested by Citizens for securing the transfer of the domain names.

5. Defendants hereby assign to Citizens all trademark registrations and applications that incorporate the word "Humanity". Defendants shall cooperate with Citizens by signing any documents reasonably required to effect the assignments.

6. Defendants are required to terminate, and represent that they have already terminated, all license agreements between Defendants, or any of them, and any third party authorizing the use of any mark incorporating the word "Humanity". To the extent Defendants have not already done so, Defendants shall promptly provide Citizens with (i) written notices of termination of all such license agreements and (ii) written acknowledgments of termination by all licensees.

7. Defendants shall cooperate to accomplish, and shall sign all documents reasonably necessary to accomplish, the purposes of this judgment and the parties' settlement agreement, as evidenced by the Binding Term Sheet they signed on February 18, 2011.

8. In the event that adversarial legal action is necessary to enforce this judgment or the terms of the Parties' settlement agreement, as evidenced by the Binding Term Sheet dated 2/18/2011, the prevailing party shall be entitled to reasonable attorneys' fees incurred in taking such action.

9. Except as provided above, or previously ordered by the Court, the parties shall each bear their own attorneys' fees and costs of suit.

Dated: April 25, 2011  _____
The Honorable Josephine Staton Tucker

Respectfully submitted by:

BROWNE WOODS GEORGE LLP
   Eric M. George
   Peter W. Ross
   Keith J. Wesley

LAW OFFICES OF GARY FREEDMAN
   Gary Freedman

By    s/ Peter W. Ross
      Peter W. Ross
Attorneys for Plaintiff
CITIZENS OF HUMANITY, LLC


FREUNDLICH LAW
   Ken Freundlich, Esq.

By  /s/ Ken Freundlich
      Ken Freundlich

Attorneys for Defendants
HUMANITY, LLC and HELENA CHO

272279_1.DOC     5

**[PROPOSED] JUDGMENT**

| | |
|---|---|
| 1 | FULWIDER PATTON LLP |
| |     Gary M. Anderson, Esq. |
| 2 |     Scott R. Hansen, Esq. |
| 3 | By _____ |
| |     Gary M. Anderson |
| 4 | |
| 5 | Attorneys for Defendants |
| | HUMANITY, LLC, HELENA CHO and |
| 6 | TAMMY HOTSENPILLER |

_____
    David Chang

_____
    Michael Chang

AND APPAREL, INC.

By _____
    Michael Chang
Its _____

MAKE A DIFFERENCE, LLC

By _____
    Helena Cho
Its Managing Member

272279_1.DOC      6

**[PROPOSED] JUDGMENT**